**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

United States Courthouse
402 East State Street, Room 241
Trenton, New Jersey  08608

**Hon. Christine M. Gravelle**                                                                                            609-858-9370
United States Bankruptcy Judge                                                                                   Fax   609-989-0431

## LETTER DECISION

August 7, 2017

**Sent via ECF & email**

Howard N. Sobel, Esq.
507 Kresson Raod
P.O. Box 1525
Voorhees, NJ 08043                                            hsobel@sobellaw.com

Linda S. Fossi
Gary C. Zeitz, LLC
1101 Laurel Oak Road, Suite 170
Voorhees, NJ 08043                                            lfossi@zeitzlawfirm.com

Albert Russo
Standing Chapter 13 Trustee
CN 4853
Trenton, NJ 08650-4853                                       arusso@russotrustee.com

Re:   **Naveed R. Shaikh and Noshina N. Shaikh**
      **Chapter 13 – Case No. 14-31217 (CMG)**
      **Motion for Relief from Stay**

Dear Litigants:

I.   Introduction

The assignee of a tax sale certificate comes before this Court seeking relief from stay to pursue state court remedies against real property owned by the debtors. In making a

determination, this Court must examine the effect of an order which expunged the proof of claim of the assignor prior to the assignment, as well as an order confirming a Chapter 13 plan which avoided the lien. After consideration of the positions of the parties, this Court DENIES the motion.

II.  Facts

Debtors, Naveed and Noshina Shaikh ("Debtors") own and reside at real property located at 230 Bromley Place, East Brunswick, NJ (the "Property"). Prior to the filing of the bankruptcy, Singh Real Estate ("Singh") purchased from the Township of East Brunswick, tax sale certificate number 2012031 (the "Tax Sale Certificate"), which was secured by the Property.

On October 17, 2014 Debtors filed the present Chapter 13 bankruptcy case. Singh filed Proof of Claim 11-1 in the amount of $59,005.30 (the "POC"). The POC noted that notices should be sent to "Brett Wiltsey, Esquire C/o Dilworth Paxson LLP," and provided an address, telephone number and e-mail address for Mr. Wiltsey. Mr. Wiltsey filed a notice of appearance on behalf of Singh on that same day.

Debtors filed an objection to the POC. The objection demanded that the POC be expunged because it failed to provide supporting documentation and imposed fees and charges in violation of state law, the penalty for which is forfeiture of the tax sale certificate. The certificate of service attached to the objection noted that Mr. Wiltsey was served via regular and certified mail at the address listed on the POC, as well as through Notice of Electronic Filing. The hearing was originally scheduled for April 15, 2015. Debtors filed a certification of no objection on April 9, 2015. The hearing was adjourned from April 15 to May 6, 2015. Singh did not respond to the

objection and the docket was marked "Order to be Submitted" on the adjourned date.  On May 11, 2015 this Court entered an order disallowing and expunging the POC (the "Claim Order").

Nine days after entry of the Claim Order, Singh assigned the Tax Sale Certificate to Stonefield Investment Fund IV, LLC ("Stonefield").  The record does not indicate whether Debtors were made aware of the assignment or whether Stonefield was made aware of the bankruptcy or the Claim Order.[1]

On August 12, 2015, Debtors filed a Second Modified Chapter 13 Plan (the "Plan").  Part 3 of the Plan referenced the Claim Order for treatment of priority claims.  Part 4 noted that Debtors had no secured claims they intended to cure and maintain, nor did they intend to modify any secured claims.  Despite the information provided in Part 4, Debtors included a "Motion to Avoid Liens and Reclassify from Secured to Completely Unsecured" in Part 7b of the Plan.  Part 7b stated "[p]ursuant to the Honorable Christine M. Gravelle, U.S.B.J.'s Order dated May 11, 2015, Singh Real Estate's Proof of Claim No. 11 in the sum of $59,005.30 was disallowed and expunged.  Accordingly, this lien should be avoided."   The Plan only referenced Singh, and not Stonefield.

On August 13, 2015 the Court sent to creditors a "Notice of Modification of Chapter 13 Plan Prior to Confirmation."  The docket reflects that Mr. Wiltsey received electronic notification of both the Plan and the Notice.  There was no certificate of service indicating that Debtors served Mr. Wiltsey via any other method.  But, when the absence of a certificate of service was brought to the attention of the attorney for Debtors, he represented that he had served a copy of the Plan on all creditors on August 12, 2015.  He filed a certificate of service stating so on July 14, 2017.

---

[1] The first reference to Stonefield on the docket in this case appears in a Notice of Appearance and Request for Service filed more than one year after entry of the Claim Order.  The Notice was withdrawn five days after it was filed.  Stonefield does not appear again on the docket until March 23, 2017, when Linda S. Fossi, Esq. entered her appearance on Stonefield's behalf and filed the motion for relief from stay that is the subject of this decision.

Despite proper notice to Singh, no objection to the Plan was filed, and the Plan was confirmed on September 16, 2015. An order confirming the Plan was entered on September 18, 2015 (the "Confirming Order"). The Confirming Order specifically stated that "to the extent Section 7 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. § 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are granted . . ." The distribution report prepared by the standing chapter 13 trustee following plan confirmation reflects Singh Real Estate as a secured creditor scheduled to receive no distribution. It notes "tax sale cert/order expunge 5/11/15."

As the bankruptcy has progressed, Debtors have failed to make post-petition real estate tax payments, those sums having been paid by either Singh or Stonefield, including over $14,000 paid after the entry of both the Claim Order and the Confirming Order. Debtors have represented that they will pay all post-petition amounts due in "a short period of time."

Stonefield now brings this motion for relief from stay under 11 U.S.C. § 362(d) on the basis that the non-payment of the post-petition taxes constitutes "cause" for stay relief. Stonefield did not file a brief with its motion, nor did it choose to file a reply to Debtors' opposition brief. After hearing oral argument on the matter, the Court reserved decision and is ready to rule.

III.    Analysis

11 U.S.C. § 362(d) provides that upon the request of a party in interest the court shall grant relief from stay, "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Cause is determined on a case by case basis, and courts have the discretion to find cause for reasons other than the denial of adequate protection. Matter of Henry, 173 B.R. 878, 882 (Bankr. D.N.J. 1993) (citations omitted).

Here, the only "cause" listed in the originating motion was that the Debtors were not paying the tax lien through bankruptcy, entitling Stonefield to pursue its remedies in State Court. Counsel for Stonefield expanded on its position at oral argument in light of the Claims Order and Confirming Order, alleging that there was no legal basis for entry of the Claims Order and Confirming Order and that they contain provisions that contradict applicable law. But, rather than attempt to vacate these orders, Stonefield attempts to collaterally attack the orders through this motion for relief from stay.

First, Stonefield, while admitting that neither it nor its predecessor in interest filed a response to Debtors' objection to the POC, argued that the reasons for expungement stated by Debtors in the objection were not true. Stonefield presented no briefing as to why the facts or analysis in the claim objection was wrong, or why Stonefield has the right to challenge the Claims Order, which was entered more than two years ago. Debtors' objection to the POC was properly served in accordance with Fed. R. Civ. Proc. 2002(g). Any challenge to the Claims Order must be made, and fully placed on the record, via a motion to vacate, and the standards for such a motion would apply.

Next, Stonefield argues that the Claims Order did not void the lien but only expunged the claim. They go on to argue that the Plan misrepresented the Claims Order by voiding the lien. We disagree. The Plan did not state that the Claims Order voided the lien. It stated that the POC "was disallowed and expunged. Accordingly, this lien <u>should be</u> voided." (Emphasis added). The Plan contained a motion to void the lien based on the Claims Order, which expunged the POC based on the Debtors' unchallenged allegation that state law required Singh to forfeit the tax sale certificate to Debtors because Singh knowingly charged in excess of statutory amounts.

*See* Doc. No. 40. At the time of confirmation, the Claims Order had already rendered the tax sale certificate valueless.

Third, Stonefield submits that the Plan was not in compliance with the provisions of the Code. Specifically, at oral argument counsel referenced two Code sections – 522(f) and 1325(a)(5) – as being violated. As to section 522(f), Stonefield argued that the lien was not a judicial lien, but rather a statutory lien, and therefore section 522(f) could not be utilized. However, the Plan moves to avoid the lien under Part 7b- "motion to avoid liens and reclassify claim from secured to completely unsecured", NOT Part 7a- "motion to avoid liens under 11 U.S.C. § 522(f)". Therefore, the argument does not apply. To the extent that Stonefield believes that Part 7b is still the incorrect procedure for avoiding liens, for example arguing that an adversary proceeding was required, such an argument was not fully developed. The Court rejects Stonefield's arguments that the Plan violates section 522(f) of the Code.

Stonefield argues that since the holder of the claim did not accept the plan and the Property was not surrendered, the Plan could not be confirmed under section 1325(a)(5). However, section 1325(a)(5) is only "with respect to each <u>allowed secured claim</u> provided for by the plan." The Claims Order disallowed and expunged the POC, and thus satisfying the provisions of the statute was not required, as Stonefield did not hold an allowed secured claim.

Ultimately, regardless of the propriety of the lien avoidance through the Plan, the Plan was confirmed with the avoidance of the lien and entered, and was not contested or appealed. The Code provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). This Circuit has held that, "although prior to confirmation the bankruptcy court and trustee do have a

responsibility to verify that a Chapter 13 plan complies with the Bankruptcy Code provisions, after the plan is confirmed the policy favoring the finality of confirmation is stronger than the bankruptcy court's and the trustee's obligations to verify a plan's compliance with the Code." In re Szostek, 886 F.2d 1405, 1406 (3d Cir. 1989).

A confirming order may not be vacated without a showing of fraud. In re Fesq, 153 F.3d 113 (3d Cir. 1998). In In re Fesq, a secured creditor sought to vacate the confirmation order after its counsel did not object to the debtor's proposed plan. The creditor argued that the failure to object was a result of a computer glitch at its counsel's firm.

The Fesq court considered whether a final order confirming a debtor's Chapter 13 plan can be vacated absent a showing of fraud. The Court found that 11 U.S.C. § 1330(a) required a showing of fraud and could not be circumvented by FRBP 9024. While FRBP 9024 makes F. R. Civ. P. 60 applicable in bankruptcy cases, it also does contain explicit limits, stating that R. 60 applies "except that . . . (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330."

The United States Supreme Court, while not considering the specific issue of whether a motion to vacate under Rule 60(b)(4) is subject to the section 1330 time limits and substantive limitations to motions based on fraud, has held that a confirmation order is "enforceable and binding" on a creditor notwithstanding legal error when the creditor "had notice of the error and failed to object or timely appeal". United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 275 (2010).

The Court in In re Espinosa found that Rule 60(b)(4) – vacating an order where a judgment is void – would apply only in the rare instance where a judgment is based on a jurisdictional error or a violation of due process that deprives a party of notice or the opportunity to be heard. Id. at

271. The Court went on the find that where a party had filed a proof of claim and had actual knowledge of the plan and its contents, Rule 60(b)(4) did not apply. Id. at 275.

Here, Singh filed the POC, thus submitting to the jurisdiction of the Court with respect to that claim. D.N.J. LBR 3015-1(c) [formerly LBR 3015-6(a)] requires that any plan containing a motion be served in accordance with FRBP 9014 and that a certification of service be filed. The certification of service, filed late but unchallenged, states that service was made as required. Further, Singh's attorney received the Notice of Modification of Plan via ECF. To be successful, Stonefield would have to overcome the dual burdens of first showing that there was a lack of notice so significant as to create a due process violation as per Espinosa and also demonstrate that the holding of In re Espinosa would in some way allow this Court to depart from the Third Circuit holding in In re Fesq.

Regardless, this is not a motion to vacate the confirmation order. It is a motion for relief from stay. There is no basis for providing relief based upon maladies in the confirmation process, when there is a binding and enforceable order which has not been vacated.

To the extent that Stonefield believes that they, and not Singh, were the proper party to be noticed, they did not enter an appearance in the bankruptcy, nor have they provided any information on the record as to how or why they should have been noticed. Such a legal theory is underdeveloped and is not proper in the context of this motion for relief from stay.

There are post-petition arrears of approximately $23,000. This Court takes no position on how the Claims Order and Confirming Order avoiding the lien affect that arrearage. There is no treatment of the arrears in the Plan, though Debtors have indicated that they will pay all arrearages "in a short period of time." To the extent that Debtors fail to do so, the Court will consider another motion.

For these reasons the motion is DENIED.

Very truly yours,

/s/Christine M. Gravelle
United States Bankruptcy Judge

CMG/rtp
Docket